IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE JUDGE GARY S. KATZMANN

| | |
|---|---|
| MATRA AMERICAS, LLC and MATRA ATLANTIC GmbH, | |
|        Plaintiffs, | Court No. 21-00632 |
|   v. | |
| UNITED STATES, | |
|        Defendant | |
| | |
| KOEHLER PAPER SE and KOEHLER OBERKIRCH GmbH f/k/a PAPIERFABRIK AUGUST KOEHLER SE, | |
|        Plaintiffs, | Court No. 21-00633 |
|   v. | |
| UNITED STATES, | |
|        Defendant | |
| | |
| APPVION, LLC and DOMTAR CORPORATION, | |
|        Plaintiffs, | Court No. 21-00634 |
|   v. | |
| UNITED STATES, | |
|        Defendant | |

**DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION TO STAY PROCEEDINGS**

Pursuant to Rule 7 of the Rules of the United States Court of International Trade, defendant, the United States, respectfully submits its opposition to the partial consent motion to stay proceedings filed by plaintiffs Koehler Paper SE and Koehler Oberkirch GmbH

(collectively, Koehler). Koehler seeks a stay of this proceeding pending this Court's decision in *Stupp Corporation, et al. v United States*, No. 15-00334 (*Stupp Corp.*).

In July 2021, the United States Court of Appeals for the Federal Circuit remanded *Stupp Corp.* for the Department of Commerce to examine its application of the Cohen's *d* test in "less-than-fair-value adjudications" to evaluate whether "the limits on the use of the Cohen's *d* test prescribed by Professor Cohen and other authorities were satisfied in this case or whether those limits need not be observed when Commerce uses the Cohen's *d* test in less-than-fair-value adjudications.". *Stupp Corporation v. United States*, 5 F.4th 1341, 1360 (Fed. Cir. 2021). Koehler filed a motion to stay proceedings on April 1, 2022. ECF No. 27 (Pl. Mot.).

The Court should deny Koehler's request for a stay because, although the ultimate resolution of *Stupp Corp.* may potentially affect two legal issues in this case, it will not affect the six remaining issues before the Court. Koehler has failed to establish delaying this case to await the outcome of *Stupp Corp.*, about which Koehler can only speculate, will promote judicial economy or that going forward with this case will cause it any hardship or inequity. Accordingly, there is no basis to stay this case.

"[The] power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Apex Exps. v. United States*, 36 C.I.T. 1144, 1146 (Ct. Int'l. Trade 2012) (*citing Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). Although the decision to grant a stay rests within the Court's sound discretion, the Court "must weigh and maintain an even balance between competing interest[s] when deciding whether a stay is appropriate." *Nexteel Co., Ltd. v. United States*, 2022 Ct. Intl. Trade LEXIS 4 at *4 (Ct. Int'l. Trade January 21, 2022) (*citing Landis*, 299 U.S. at 254-55). Generally, speculative claims regarding the possible impact

of a pending decision on the disposition of the instant case do not merit a stay. *See e.g.*, *Georgetown Steel Co. v. United States*, 259 F. Supp. 2d 1344, 1345-49 (2003) (denying a motion to stay pending resolution of an appeal with speculative relevance to the case at bar); *Ethan Allen Global, Inc. v. United States*, Slip Op. 14-76, 2014 WL 2898617 (Ct. Int'l Trade June 27, 2014) (denying a motion to stay pending the final resolution of a petition for a writ of certiorari to the U.S. Supreme Court). Further, if "even a fair possibility" exists that a stay will do damage to the opposing party, the movant "must make out a clear case of hardship or inequity in being required to go forward[.]" *Id.*

This Court should decline to stay this case pending the outcome of *Stupp Corp.* because the asserted impact of *Stupp Corp.* on this litigation is speculative at best. In its motion, Koehler states that the final decision in *Stupp Corp.* "will more conclusively address whether Commerce's application of Cohen's *d* test is reasonable and consistent with law." *Koehler Paper SE v. United States*, CIT No. 21-633, ECF No. 31 at 5 (Pl. Mot.). Koehler's primary argument asserts that judicial economy weighs heavily in favor of a stay "[g]iven the substantial overlap between the issues to be decided in this case and the issues remaining to be decided in *Stupp Corp.*" Pl. Mot. at 5. However, "speculative claims regarding the possible impact of a future decision on the disposition of the case at bar do not suffice to warrant a stay." *Nexteel Co., Ltd.*, 2022 Ct. Intl. Trade LEXIS 4 at *5-6 (citations omitted). Although this Court may grant stays pending ongoing litigation of matters "central" to the Court's decision, Koehler's assertion that the issues in this case "substantially overlap" with *Stupp Corp.* does not meet this burden. *See, e.g., RHI Refractories Liaoning Co. v. United States*, 774 F. Supp. 2d 1280, 1285 (2011) (granting a stay where an issue pending appellate litigation "serve[d] as the keystone that will dictate the future course of the litigation").

Koehler's argument regarding judicial economy in favor of a stay assumes that the Federal Circuit will reverse Commerce's application of the Cohen's *d* test in *Stupp Corp.* Specifically, Koehler suggests that, because the Federal Circuit vacated and remanded Commerce's application of the Cohen's *d* test in *Stupp Corp.*, Commerce is unlikely to successfully defend its application of the Cohen's *d* test in the same case when it returns to the appellate court. Pl. Mot. at 4. Although Koehler asserts that "the procedural posture makes {*Stupp Corp.*} the most logical forum in which to resolve these common issues of law," Pl. Mot. at 5, this is not necessarily the case. *Stupp Corp.* is on remand to this Court and its outcome would not be binding on this case unless and until this Court's decision becomes final. Koehler's argument thus presumes both the outcome of *Stupp Corp.* before this Court on remand and the outcome of any judgment by this Court or by the Federal Circuit later on appeal.

Furthermore, Koehler's assertion that the issues in these consolidated cases "substantially overlap" overstates the importance of the Cohen's *d* test issue to the resolution of plaintiffs' complaints. Plaintiffs Matra Americas, LLC and Matra Atlantic GmbH allege that Commerce erred in its application of the Cohen's *d* test in one of two counts in their complaint. *Matra Americas, LLC v. United States*, CIT No. 21-632, ECF No. 11 at 10. Similarly, Koehler alleges that Commerce erred in its application of the Cohen's *d* test in one of two counts in its complaint. *Koehler Paper SE v. United States*, CIT No. 21-633, ECF No. 10. at 16. Plaintiffs Appvion, LLC and Domtar Corporation do not allege any error in Commerce's application of the Cohen's *d* test, instead alleging four wholly separate claims with respect to Commerce's final determination. *Appvion Operations, Inc. v. United States*, CIT No. 21-634, ECF No. 12 at 7-9. Thus, six out of the eight issues before this Court in the consolidated case do not implicate the Cohen's *d* test. Although the issues raised by *Stupp Corp.* may affect two of the eight issues

presented in these consolidated cases, that does not qualify as "substantial overlap" weighing in favor of a stay. Indeed, granting a stay in this case may have the opposite effect of resulting in hardship or inequity to the other plaintiffs because resolution of their five pending claims (those claims not brought by Koehler and not pertaining to the Cohen's *d* analysis) would be substantially delayed.

Finally, this Court has denied requests to stay when "plaintiff has failed to show how a stay at the current time would promote judicial economy and efficiency rather than delay this case." *Giorgio Foods, Inc. v. United States*, 37 C.I.T. 152, 155 (Ct. Int'l Trade 2013). Given that Koehler's motion is based on speculation with respect to the outcome in *Stupp Corp.* and the fact that six of the issues in this case are unrelated to the *Stupp Corp.* decision and there is no reason to delay their resolution, Koehler has failed to establish that its requested stay would promote judicial economy or would result in hardship or inequity to Koehler. The Court should deny the request.

## CONCLUSION

For these reasons, the United States respectfully requests that the Court deny Koehler Paper SE's motion to stay these proceedings.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

OF COUNSEL:

PATRICIA M. MCCARTHY
Director

/s/ REGINALD T. BLADES, JR.
Reginald T. Blades, Jr.
Assistant Director

| | |
|---|---|
| W. MITCH PURDY<br>Attorney<br>Office of the Chief Counsel<br>for Trade Enforcement & Compliance<br>U.S. Department of Commerce | /s/ CATHARINE M. PARNELL<br>Catharine M. Parnell<br>U.S. Department of Justice<br>Commercial Litigation Branch<br>P.O. Box 480<br>Washington, DC 20044<br>(202) 305-4827<br>Fax: (202) 307-0972<br>Email: catharine.m.parnell@usdoj.gov |
| April 21, 2022 | Attorneys for Defendant |

IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE JUDGE GARY S. KATZMANN

───────────────────────────────────

| | |
|---|---|
| MATRA AMERICAS, LLC and MATRA ATLANTIC GmbH, | |
| Plaintiffs, | Court No. 21-00632 |
| v. | |
| UNITED STATES, | |
| Defendant | |

───────────────────────────────────

| | |
|---|---|
| KOEHLER PAPER SE and KOEHLER OBERKIRCH GmbH f/k/a PAPIERFABRIK AUGUST KOEHLER SE, | |
| Plaintiffs, | Court No. 21-00633 |
| v. | |
| UNITED STATES, | |
| Defendant | |

───────────────────────────────────

| | |
|---|---|
| APPVION, LLC and DOMTAR CORPORATION, | |
| Plaintiffs, | Court No. 21-00634 |
| v. | |
| UNITED STATES, | |
| Defendant | |

**ORDER ON PLAINTIFFS' MOTION TO STAY PROCEEDINGS**

Upon consideration of the motion to stay filed by Koehler Paper SE, as well as defendant's response in opposition thereto, and all other pertinent papers, it is hereby

7

ORDERED that the motion to stay is DENIED with respect to Koehler Paper SE.

DATED: _____, 2022          _____
       New York, New York                                                                JUDGE